NOT RECOMMENDED FOR PUBLICATION
File Name:  14a0830n.06

No. 14-1076

**FILED**
Nov 03, 2014
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| AHMED GREEN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

**BEFORE:**    **BOGGS, SUTTON, and STRANCH, Circuit Judges.**

**STRANCH, Circuit Judge.**  Defendant Ahmed Green appeals the 300-month sentence of imprisonment the district court imposed after he pled guilty to drug and firearm offenses.  For the reasons that follow, we AFFIRM.

## I.  BACKGROUND

Pursuant to a written plea agreement, Green entered a guilty plea to one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute one hundred or more grams of heroin in violation of 21 U.S.C. § 841(a)(1).  The pertinent statutes mandated penalties of ten years to life imprisonment for the conspiracy conviction and five to forty years of imprisonment for the drug conviction.  21 U.S.C. §§ 841(b)(1)(A)(i) & 841(b)(1)(B)(i).  Green also entered a guilty plea to two counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).

Because Green qualified as an armed career criminal due to his five previous drug convictions, he faced a statutory mandatory minimum term of fifteen years of imprisonment on each of the firearm counts. 18 U.S.C. § 924(e)(1). The government agreed not to file an information under 21 U.S.C. § 851 that would have subjected Green to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1).

During the sentencing hearing, the district court calculated Green's guidelines sentence by applying the career offender guideline. USSG §§ 4B1.1, 4B1.4(b)(2). The court set Green's adjusted offense level at 37, then awarded a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 34. Green amassed sufficient criminal history points to fall within criminal history category VI even before applying the career offender guideline, which would have mandated a criminal history category of VI. With a total adjusted offense level of 34 and a criminal history category of VI, Green's advisory guidelines range was 262 to 327 months, well above the fifteen-year mandatory minimum term of imprisonment required by § 924(e)(1). The court denied Green's motion for a downward variance and imposed a within-guidelines sentence of 300 months of imprisonment.

## II. ANALYSIS

Green argues that the sentence is both procedurally and substantively unreasonable because the district court lengthened the custodial term to promote his rehabilitation. In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held that the Sentencing Reform Act precludes a district court from imposing or lengthening a term of incarceration in order to promote an offender's rehabilitation. Green further argues that the sentence is substantively unreasonable because the court denied his motion for a downward variance and imposed a prison term longer than necessary to comply with the sentencing factors. 18 U.S.C. § 3553(a).

Because Green did not raise the *Tapia* argument below, the parties do not agree whether we should review the sentence for an abuse of the district court's discretion or for plain error in light of *Henderson v. United States*, 133 S. Ct. 1121 (2013). We need not decide this question because Green cannot prevail under either standard of review.

After hearing the argument of defense counsel, the district court engaged in a lengthy colloquy with Green about the contrast between his ongoing criminal conduct and his family members' description of him as a respectful and helpful person. Green agreed with the court that, although he was 41 years old, he was "[i]n many ways . . . still a boy" and he had not "carried [his] full weight of responsibility for society." R. 45 Page ID 195. Green lacked an employment history, yet he repeatedly sold cocaine and heroin to make "easy money" while ruining the lives of others. His criminal history included a series of prison sentences that should have gotten his attention, but they did not. Green acknowledged he spent seventeen years in prison for drug crimes and was out of prison only five years since the age of 17. He assured the court, however, that each time he left prison he obtained a job, only to lose it when he was laid off and then returned to selling drugs. He "didn't grow up," he explained, because he "had nothing to stand on." *Id.* at 198. He conceded that he knew he could not legally possess firearms.

Following this colloquy, the court expressed its primary concern that Green's history of drug convictions and the nature and circumstances of the instant drug and firearm offenses showed a "[c]lear lack of respect for law." *Id.* at 199. After considering the § 3553(a) factors, the court imposed a sentence of 300 months of imprisonment "[i]n order to afford an adequate deterrence and protect the public and provide some educational and correctional treatment." *Id.* at 200. The court told Green that "I want you to receive education and . . . vocational

opportunity. I think you should be able to learn to read, learn to make good decisions, educate yourself." *Id.* The court encouraged Green to learn a skill or trade during incarceration and to look for mentors to guide him so that he could "emerge from this experience considerably more mature and wiser." *Id.* at 200–02.

Having examined the court's sentencing remarks in the context of the earlier colloquy between the court and Green, we conclude that no *Tapia* error occurred. The court imposed a within-guidelines term of imprisonment to achieve "adequate deterrence and [to] protect the public" from Green's inability to stop selling controlled substances and illegally possessing firearms. R. 45 Page ID 200. The comment that the sentence would "provide some educational and correctional treatment" does not amount to a *Tapia* violation. "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Tapia*, 131 S. Ct. at 2392. The court "properly may address a person who is about to begin a prison term about these important matters" and the court is allowed to recommend that the Bureau of Prisons "place an offender in a prison treatment program." *Id.* "Trouble only comes when a court imposes or lengthens a sentence 'to enable an offender to complete a treatment program or otherwise to promote rehabilitation' inside a prison's walls." *United States v. Deen*, 706 F.3d 760, 768 (6th Cir. 2013) (quoting *Tapia*, 131 S. Ct. at 2393). The district court acted well within *Tapia*'s boundaries when it urged Green to participate in educational and vocational programs offered in prison and encouraged him to find role models who may help him develop the skills to become a more productive citizen upon release from prison.

We also find no error in the court's denial of Green's motion for a downward variance. The record demonstrates that the court considered the reasons Green asked for leniency,

including his age, character, remorse, acknowledgement of accountability, commitment to self-improvement, and the recent births of his two children. Nonetheless, after considering these factors, the court determined through application of the § 3553(a) factors that a below-guidelines sentence would not be sufficient to comply with the purposes of sentencing. Green's lengthy history of violating the drug laws and his continuing illegal possession of firearms warranted a lengthy sentence, especially where his criminal history qualified him as a career offender and as an armed career offender. *See United States v. Carter*, 510 F.3d 593, 602 (6th Cir. 2007) (affirming denial of motion for downward variance where district court considered the pertinent circumstances).

### III. CONCLUSION

Having carefully considered Green's arguments and the district court's reasons for imposing the sentence, we conclude that no sentencing error occurred. Accordingly, we AFFIRM the judgment of the district court.